EILEEN R. RIDLEY, CA BAR NO. 151735
  eridley@foley.com
**FOLEY & LARDNER LLP**
555 CALIFORNIA STREET
SUITE 1700
SAN FRANCISCO, CA 94104-1520
TELEPHONE:  415.434.4484
FACSIMILE:   415.434.4507

JAMI A. GEKAS, (*Pro Hac Vice*)
  jgekas@foley.com
**FOLEY & LARDNER LLP**
321 NORTH CLARK STREET
SUITE 2800
CHICAGO , IL 60654-5313
TELEPHONE:  312.832.4500
FACSIMILE:   312.832.4700

ROBERT S. WEISBEIN (*Pro Hac Vice*)
  rweisbein@foley.com
**FOLEY & LARDNER LLP**
90 PARK AVENUE
NEW YORK, NY 10016-1314
TELEPHONE:  212.682.7474
FACSIMILE:   212.687.2329

Attorneys for Plaintiff CHEGG, INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| CHEGG, INC., <br><br> Plaintiff, <br><br> v. <br><br> JOHN DOE <br><br> Defendant. | Case No: 5:18-cv-07194-EMC <br><br> **JOINT CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER** |

The parties to the above-entitled action jointly submit this JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER pursuant to the Standing Order for All Judges of the Northern District of California and Civil Local Rule 16-9.

1. <u>Jurisdiction & Service</u>

The Court has subject matter jurisdiction over this matter as it concerns an action commenced by Plaintiff Chegg, Inc. ("**Chegg**") by filing a complaint on November 28, 2018 charging Defendant "John Doe" who was later identified through expedited discovery as Rohman Sultan ("**Sultan**") with violations of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030, the California Comprehensive Computer Data Access and Fraud Act, California Penal Code § 502 *et seq*, the United States Trademark Act of 1946, as amended, 15 U.S.C. § 1051 *et seq*., and breach of contract (the "**Complaint**"). There are no service issues as Sultan has now appeared in the action.

2. <u>Facts</u>

Plaintiff alleges in the Complaint that Sultan (i) created, owned and operated the website located at the URL www.textsheet.com ("**Website**"), (ii) circumvented technological measures that control access to Chegg's proprietary website located at the URL www.chegg.com ("**Chegg Site**") and/or portions thereof that are available only to paying subscribers of Chegg's services, and induced, encouraged, assisted, aided, abetted, and materially contributed to third parties doing the same in violation of federal and state law, (iii) willfully and repeatedly breached the Chegg Site Terms of Use, and (iv) displayed Chegg's registered trademark on the Website in a manner that constitutes trademark infringement.

3. <u>Legal Issues</u>

The legal issues in this matter concerns **Sultan's** liability for the claims asserted as described above. The parties are currently finalizing settlement negotiations including an anticipated Final Order and Permanent Injunction on Consent.

///

///

4. Motions

Plaintiff brought a motion for expedited discovery which resulted in identifying defendant "John Doe" as **Sultan.** There have been follow up motions regarding discovery and service. Pursuant to their settlement discussions, the parties anticipate a negotiated Final Order and Permanent Injunction on Consent.

5. Amendment of Pleadings

Plaintiff does not anticipate further amendment of the pleadings.

6. Evidence Preservation

The parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"), and confirm that they have met and confirmed pursuant to Fed. R. Civ. P. 26 (f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evidence in this action.

7. Disclosures

The parties are finalizing settlement negotiations resulting in the anticipated resolution of the matter in full. Thus, the parties' further disclosure requirements have been placed in abeyance.

8. Discovery

Plaintiff has successfully brought a motion for expedited discovery resulting in the identification of **Sultan** as "John Doe" and service of the **Complaint** on him. There has also been some additional discovery regarding ownership and control of third party websites. No further discovery is anticipated as the parties are finalizing settlement negotiations which are anticipated to result in a Final Order and Permanent Injunction on Consent.

9. Class Actions

Not applicable.

10. Related Cases

Not applicable.

///

11. <u>Relief</u>

The **Complaint** sought cessation of **Sultan's** activities and appropriate damages and restitution. The parties are finalizing their settlement negotiations and anticipate presenting the Court with a proposed Final Order and Permanent Injunction on Consent.

12. <u>Settlement and ADR</u>

The parties are finalizing their settlement discussions and anticipate presenting the court with a Final Order and Permanent Injunction on Consent . The parties anticipate that the settlement should be finalized within the next thirty (30) days.

13. <u>Consent to Magistrate Judge For All Purposes</u>

The parties do not consent to have a magistrate judge conduct all further proceeding in the matter.

14. <u>Other References</u>

No other references are appropriate for the matter given the parties are finalizing settlement negotiations and anticipate presenting the Court with a Consent Judgement and Permanent Injunction.

15. <u>Narrowing of Issues</u>

The parties are finalizing their settlement negotiations and anticipate presenting the Court with a proposed Final Order and Permanent Injunction on Consent.

16. <u>Expedited Trial Procedure</u>

Not applicable.

17. <u>Scheduling</u>

The parties are finalizing their settlement negotiations and anticipate presenting the Court with a proposed Final Order and Permanent Injunction on Consent. The parties anticipate that the settlement should be finalized in the next thirty (30) days and suggest a status conference regarding the settlement be set accordingly.

18. <u>Trial</u>

The parties are finalizing their settlement negotiations and anticipate presenting the Court with a proposed Final Order and Permanent Injunction on Consent and anticipate

that the settlement should be finalized in the next thirty (30) days and, thus, there will be no need for a trial.

19. <u>Disclosure of Non-party Interested Entities or Persons</u>

The parties have filed the Certification of Interested Entities or Parties per Civil Local Rule 3-15.

20. <u>Professional Conduct</u>

All attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

21. <u>Other</u>

The parties are finalizing their settlement negotiations and anticipate presenting the Court with a proposed Final Order and Permanent Injunction on Consent and anticipate that the settlement should be finalized in the next thirty (30) days. The parties recommend that the Court set a settlement status conference accordingly.

Dated: June 6, 2019

**FOLEY & LARDNER LLP**

By: /s/ Eileen R. Ridley
Robert S. Weisbein
Eileen R. Ridley
*Attorneys for Plaintiff*
*Chegg, Inc.*

Dated: June 6, 2019

**DICKINSON WRIGHT**

By: /s/ Steven A. Caloiaro
Steven A. Caloiaro
*Attorneys for Defendant*
*Rohman Sultan*

## CASE MANAGEMENT ORDER

The above JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER is approved as the Case Management Order for this case and all parties shall comply with its provisions.  In addition, the Court Orders that the matter be put on for a hearing on the status of the settlement on _____, 2019.  Should the matter be fully resolved prior to that date, the parties need not appear.

IT IS SO ORDERED.


Dated: _____, 2019          _____
                                                    Honorable Edward M. Chen